# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. __1:19-cv-03681__

SANDY B. SOSNOWSKI,

   Plaintiff,

v.

CCB CREDIT SERVICES, INC.,

Defendant.

## COMPLAINT

**NOW COMES** Sandy B. Sosnowski ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, CCB Credit Services, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the District of Colorado and Defendant conducts business and is headquartered in the District of Colorado.

### PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a collection agency with its headquarters located at 5300 South 6th Street, Frontage Road East, Springfield, Illinois 62703.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as its principal business purpose is the collection of defaulted debts owed to others.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

8. On or around December 2, 2019, Defendant mailed a letter to Plaintiff ("dunning letter") attempting to collect on a debt allegedly owed to Nissan Motor Acceptance Corporation ("alleged debt").

9. Specifically, the dunning letter stated that the original creditor was Nissan Motor Acceptance Corp., and the "Total Amount Due" is $15,830.94.

10. Moreover, the dunning letter went on to state: "This account has been placed with this office for collection. Kindly submit your payment for the above balance so we can advise your creditor that this account has been paid in full." Likewise, the dunning letter included a payment coupon requesting payment of $15,830.94.

11. Plaintiff was confused and worried by the dunning letter because the alleged debt had already been waived and released by Nissan Motor Acceptance Corporation in May 2019.

12. Despite not owing the alleged debt, the dunning letter portrayed to Plaintiff that the alleged debt was still due, owing, and had been placed with its office for collection.

13. Plaintiff felt extremely worried that there could be negative consequences if she did not pay the debt, even though she knew that it had been previously waived by the original creditor.

14. Defendant's misleading conduct has severely disrupted Plaintiff's daily life and general well-being as Plaintiff constantly feared serious consequences.

15. Concerned about the violations of her rights, Plaintiff was forced to seek the assistance of counsel to file this action to prevent Defendant from further deception in the future, thus incurring costs and expenses.

### COUNT I – DEFENDANT'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

18. The alleged debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

19. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is to collect defaulted debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

20. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects defaulted debts owed or asserted to be owed or due to another.

21. Defendant used the mail to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

22. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful collection practices.

    a. **Violations of FDCPA §1692e**

23. Defendant violated §1692e by using false, deceptive, and misleading representation in connection to collection of the alleged debt. The alleged debt was not owed at the time Defendant

demanded payment from Plaintiff as the alleged debt was waived and released in its entirety in May 2019.

24. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt. Defendant attempted to collect the alleged debt from Plaintiff personally despite Plaintiff not owing the alleged debt, which had previously been waived and released by the original creditor in May 2019. Defendant knew Plaintiff did not have any legal obligation to pay the alleged debt, but despite having actual knowledge, Defendant sent the dunning letter to Plaintiff in an attempt to terrify Plaintiff into paying a debt that was not owed.

25. Furthermore, Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the alleged debt as Defendant communicated that Plaintiff still owed the debt even though it had previously been waived and released by the original creditor.

26. Defendant violated §1692e(10) by making false representations and employing deceptive means to induce Plaintiff into paying the subject debt. In order to secure payment of the subject debt, Defendant led Plaintiff to believe she owed a debt that she did not truly owe, thus hoping to drive Plaintiff to make a payment.

### b. Violation of FDCPA §1692f

27. Defendant violated §1692f when it used unfair and unconscionable means to collect the alleged debt. The alleged debt was not owed at the time Defendant demanded payment, but Defendant sent a dunning letter anyway in hopes that Plaintiff would make a payment.

28. Defendant violated §1692f(1) by attempting to collect the alleged debt from Plaintiff when she no longer owed the alleged debt as it was waived and released from Plaintiff's obligations. By operation of law, Defendant did not have a legal right to collect the a debt not legally owed at the time Defendant requested immediate payment on December 2, 2019.

29. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was not owed at the time it made demands for payment.

30. Upon information and belief, Defendant has no system in place to identify and cease collection of debts not owed.

31. As pled above, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**WHEREFORE**, Plaintiff SANDY B. SOSNOWSKI requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: December 26, 2019                                    Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com