# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03681

SANDY B. SOSNOWSKI

    Plaintiff(s),

v.

CCB CREDIT SERVICES, INC.

    Defendant(s).

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

**Appearing for Plaintiff, Sandy B. Sosnowski:** Marwan R. Daher, Sulaiman Law Group, Ltd.; 2500 S. Highland Ave, suite 200, Lombard, Illinois 60148; Telephone: (630) 537-1770.

**Appearing for Defendant, CCB Credit Services, Inc.:** Patrick D. Newman, Bassford Remele, 100 South Fifth Street, Suite 1500, Minneapolis, Minnesota 55402; Telephone: (612) 376-1632

### 2. STATEMENT OF JURISDICTION

**Plaintiff:** This Honorable Court has subject jurisdiction over this action under 28 U.S.C. §1331 because Plaintiff's claims were brought under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §1692 for engaging in false, misleading, and deceptive behavior in effort to seek immediate payment toward the subject debt.

**Defendant:** Defendant acknowledges that this Court typically has subject-matter jurisdiction concerning federal questions. However, Defendant denies that Plaintiff has suffered a particularized, concrete injury-in-fact sufficient to confer standing. Therefore, Defendant alleges that the Court does not have subject-matter jurisdiction under Article III of the United States Constitution.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff(s): Plaintiff's Complaint alleges that Defendant violated the FDCPA in its attempt to collect a debt on behalf of Nissan Motor Acceptance Corporation by knowingly sending a dunning letter via mail to Plaintiff. Plaintiff states that the letter stated that Plaintiff owed an outstanding balance of $15,830.94 that had been released and waived by Nissan Motor Acceptance Corporation in May 2019. Defendant knew or should have known that sending Plaintiff this letter attempting to collect a debt not collectible as a matter of law.

b. Defendant(s): Defendant denies any liability to Plaintiff under the FDCPA, or any other statute, law, or theory in this matter. Defendant denies "knowingly" attempting to collect any financial obligation that Plaintiff allegedly did not owe. Defendant alleges that the FDCPA allowed it to rely upon information provided to it by its client, Nissan, regarding Plaintiff's financial obligation. Defendant further alleges that it sent Plaintiff a letter that provided her with her FDCPA rights to dispute all or some of the referenced financial obligation, but Plaintiff did not dispute any of the financial obligation or contact CCB concerning the financial obligation, the letter, or otherwise. Defendant further alleges that any alleged failure to comply with the FDCPA—which is denied—resulted from an unintentional, bona fide error notwithstanding Defendant's maintenance of reasonable procedures reasonably adapted to avoid such error.

c. Other Parties:
   None.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Nissan placed a waived unpaid financial obligation for Plaintiff with CCB for collection;

2. *CCB sent and Plaintiff received a letter regarding the unpaid financial obligation to Nissan.*

## 5. COMPUTATION OF DAMAGES

**Plaintiff:** Plaintiff seeks statutory and actual damages of at least $1000.00, as well as attorneys' fees and costs, under the FDCPA, 15 U.S.C. §1692k.

**Defendant**: Defendant reserves the right to seek its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692, 28 U.S.C. § 1927, and Fed. R. Civ. P. 11.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting:** February 19, 2020

b. **Names of each participant and party he/she represented:**

   Counsel for Plaintiff: Marwan R. Daher, Sulaiman Law Group, Ltd.

   Counsel for Defendant: Patrick D. Newman, Bassford Remele

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made:**

   Rule 26(a)(1) Disclosures will be made by March 10, 2020

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):**

   Plaintiff does not propose any changes to the timing or requirement of disclosures at this time.

e. **Statement concerning any agreements to conduct informal discovery:**

   The parties have not agreed to make any documents available without the need for a formal request for production at this time.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:**

   The parties will confer and attempt to agree on a joint set of trial exhibits, using the same numbering. However, the parties reserve the right to submit their own trial exhibits with their own numbering convention if they cannot agree.

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:**

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: if each party has electronically stored information, it will be subject to disclosure and/or discovery. The parties expect to exchange all relevant documents in Portable Document Format (PDF) where applicable. If a party requests native format then the parties will reasonably work together to facilitate such a request.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:**

The parties have yet to discuss the possibility of settlement. Plaintiff will promptly issue a demand upon request.

## 7. CONSENT

All parties
- ☐ [have]
- ✓ [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:**

Plaintiff agree to limit the number of depositions to two (2) depositions for each side, but the parties are in no way agreeing to provide two (2) depositions. The rules, procedures, and scope limitations of discovery still apply. Defendant reserves the right to request leave for additional depositions should discovery reveal that additional depositions are necessary. The parties will comply with all other discovery limitations as set forth by the Federal Rules of Civil Procedure.

b. **Limitations which any party proposes on the length of depositions:**

The Parties will comply with the limitations set forth in Federal Rule of

Civil Procedure 30.

c.  **Limitations which any party proposes on the number of requests for production and/or requests for admission:**

Plaintiff will comply with the limitations set forth in Federal Rules of Civil Procedure 34 and 36. Plaintiff does not see a need to limit the number of requests for production nor requests for admission as this is a highly fact-intensive case.

Defendant proposes that the number of document requests and requests for admission should be limited to 25 per side.

d.  **Other Planning or Discovery Orders:**

Defendant anticipates seeking entry of a protective order.

## 9. CASE PLAN AND SCHEDULE

a.  **Deadline for Joinder of Parties and Amendment of Pleadings:**

March 18, 2020

b.  **Discovery Cut-off:**

August 19, 2020

c.  **Dispositive Motion Deadline:** October 2, 2020

d.  **Expert Witness Disclosure**

1. Plaintiff anticipates that an expert testimony may be needed in regards to the technology utilized to generate the dunning letter identified in Plaintiff's Complaint. Defendant reserves the right to call an expert on any topic discovery reveals to be relevant.

2. Plaintiff proposes to limit the number of expert testimonies to two per side, including rebuttal experts.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>August 19, 2020.</u>

4. The parties shall designate all rebuttal experts and provide

opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before <u>September 11, 2020</u>. [This includes disclosure of information applicable to "Witnesses Who Must Provide A Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

e. **Identification of Persons to Be Deposed:**

**Plaintiff:** Corporate representatives of Defendant, any person identified in Defendant's Rule 26(a)(1) Initial Disclosures, any employee of Defendant who corresponded with Plaintiff, and persons disclosed through the course of discovery or further investigation.

**Defendant:** Plaintiff, any persons identified in Plaintiff's Rule 26(a)(1) disclosures, any persons disclosed through the course of discovery or further investigation.

f. **Deadline for Interrogatories:**

All discovery should be served in time for completion by August 19, 2020.

g. **Deadline for Requests for Production of Documents and/or Admissions:**

All discovery should be served in time for completion by August 19, 2020.

### 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times:

_____.

b. A final pretrial conference will be held in this case on _____ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before

the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. **Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement:**

None.

b. **Anticipated length of trial and whether trial is to the court or jury:**

The parties anticipate the trial will be complete in two to four days before a jury.

c. **Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/LaPlata County Courthouse, Suite 150, 1060 E. 2nd Avenue, Durango, Colorado 81301:**

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

DATED at Denver, Colorado, this ____ day of _____, 20__.

                                                 BY THE COURT:

                                                 United States Magistrate Judge

APPROVED:

| | |
|---|---|
| /s/ Marwan R. Daher | /s/ Patrick D. Newman |
| Marwan R. Daher | Patrick D. Newman |
| 2500 S. Highland Ave, Suite 200 | 100 South Fifth Street, Suite 1500 |
| Lombard, Illinois 60148 | Minneapolis, Minnesota 55402 |
| (630) 307-7646 | (612) 333-3000 |
| | |
| Attorney for Plaintiff | Attorney for Defendant (or Defendant, Pro Se) |